May it please the court. My name is Howard Pincus from the Federal Public Defender and I represent Jonathan Sanchez. Mr. Sanchez was convicted of possessing a gun that his girlfriend owned and that was in her purse at her apartment when he was arrested there. Although there was evidence that he handled the gun in the past, there was no evidence of when and his DNA was only 14% of the mixture on the gun with 84% being from a woman. The proof was insufficient that Mr. Sanchez possessed a gun at or about the time charged in the indictment and his conviction must be reversed. The only conceivable basis for upholding Mr. Sanchez's conviction is constructive possession. He was in the apartment where the gun was found but there was insufficient proof that he had the necessary access to the gun or intent to control it at that time. And where does that come from? The gun was in an open purse. He was in the house. Why would he not be able to have access to the gun? Well, the purse is the most important fact here. The gun was in a place that's uniquely associated with Ms. Flores, his girlfriend. It's not a place that he would be presumed to have access to or the ability to control what was inside of it. Thanks for the statement but explain to me why that's true. What is the uniqueness about a kitchen table? Well, it's not the kitchen table. It's the fact that the gun is inside of her purse. And it's an open purse. So what? Well, the purse, the testimony is that the evidence was that the purse was open barely enough so that you could see the top of the gun. It was still her purse. I've got a brown paper bag and the brown paper bag is slightly open. How is that different than a purse? What's the difference? Well, because the brown paper bag isn't uniquely associated with a particular person. This is her purse. There's no dispute about that. And it's not a place where he would be presumed to have access to it or the ability to control what was inside of it. Any more than if it were in a bedside table in a bedroom and it was her table, we would not assume that he had access to it just because it was in the room. This court has looked to the connection of the particular person to the gun itself and that is based on where the gun is found and what connection he has to it. I'm sorry. I keep interrupting. I'm sorry. What's your best case for the premise that we would not presume that he has access to that open purse? Now, because we're not talking about somebody who's got a door, a room, an apartment and that door has a lock on it. We're not talking about a situation where somebody has a case and that case is locked. We're talking about a bag sitting on a table and that bag is open. Why couldn't I just put the gun in it? I mean, what would have stopped me from putting the gun in it? If it even was put in the purse, there's no evidence to support that. It's pure speculation. All we have is the police knock at the door. It's not opened immediately. They see what the officer at the front of the line says looks to be a person looking through the peephole. Other officers say there was some movement behind the blinds. It's a very small area. The table is right next to the door. It doesn't show that the gun was put in there at that point. So that's just pure speculation. If the gun had been put in there, it might add to access or the ability to control because then the gun presumably would have been out. But we have no evidence of that. We can't use speculation to justify Mr. Sanchez's conviction. I think you're right that the only real basis here, and I want to ask you a follow-up question on that, is constructive possession. Let me ask the follow-up question first and then I'll get back to the line of questioning on constructive possession. Is actual possession actually at issue here at all? And I say that, and I'm going to ask the prosecution this too because I have a real question as to whether the jury even had actual possession before it as a theory to hold the defendant guilty. The instructions has, by a misnomer I think, and it's a Tenth Circuit pattern instruction admittedly, which is a problem, but it says at the top actual or constructive possession. It only talks about constructive possession. The government argued before the jury constructive possession. It didn't talk about actual possession. So did the jury ever even consider actual possession? Well, I don't think under the instruction they did. The government did make some reference, I believe, in its rebuttal summation to actual. But there's just no evidence of that here. Well, then let's move on to constructive possession. And as it relates to constructive possession, why would it not be the case that when a gun is sitting on – well, a gun is in a purse. The purse isn't locked. It's on a table. There was – they knocked on the door. There was an immediate entry into the house. They don't know who – we may not be able to know that the defendant did – the defendant – we can't as a matter of reasonable doubt say he put it in there at the time. But the reality is his DNA is on it. It's in an open purse. Why could one not say that he has constructive possession over that firearm? Well, let's start with the DNA. The DNA is 14 percent of a DNA mixture, 84 percent of which was from a single woman, presumably Ms. Flores, because it was her gun in her purse in her apartment. So we know that he was just a very minor contributor to the DNA. It was handler DNA, though, right? Well, handler just means – there was an effort to distinguish handler and touch. It just means it was different than just putting your hand briefly on a table. And why does that matter? Because we don't know when he may have – when he touched the gun, when he handled the gun. We have – it has to be somewhere near in time to the on or about date charged in the indictment. And the fact – yes, there is fact – there is evidence that he handled the gun at some point. And that can be circumstantial evidence to support access or control. But it still has to be linked in time. And there's nothing here that would do it. If he were the major contributor, then it would be reasonable to assume that he handled it either predominantly or recently. And, in fact, that was the testimony at pages 251 to 252 of the record of the defense expert who cited a study where when two people drive a car, the major profile will typically be the person who handled the steering wheel more recently or predominantly. The major contributor in this case was Ms. Flores. So you can't take from his minor profile. It shows he touched – handled the gun at some point. But you can't use that to prove that he handled it close in time to the date charged. And that's what matters here. That's the crime he was charged with. Sure. I understand that as it relates to actual possession, that time matters. Because what we need to determine is on or about the time that he was charged with this offense, he actually possessed that firearm. Well, constructive possession. Three weeks before that event, I was fingering that gun, okay? So I know the gun. I've touched it. I've handled it. That day, the gun is sitting on a table in a purse that I have access to. The gun's loaded, and I'm in that house. Why isn't that constructive possession? Well, I think that could be actual possession because that would be in or about that date. No, no. I'm talking about constructive possession. It could also be used to support constructive possession if we showed it was close in time like that. But we have no evidence of that. What we have is at some point in the past, we have no idea when he handled the gun. And we have the gun in a place that is Ms. Flores' private space. Okay. It's not a public place. Let me frame it this way then. You pick whatever period of time you want that will take it beyond the scope of actual possession, okay? I thought three weeks would do it. You choose whatever period you want. Let's assume that two months ago, he was fingering that gun, okay? And what I would infer from that is he knows the gun. He's had the gun. He's held the gun. Okay. So we know that happened, right? The gun is sitting in an open purse where he is. The gun is loaded. We know at some point he has touched that gun, and he has touched it beyond just a finger touch. Why isn't that enough for constructive possession? Because we know that, yes, it does show that at some point he had the access, that he had the ability to control it by handling it, by moving it around. But why didn't he have the access? Because it's an open purse next to him. He's in close proximity to it. And irrespective of whether he put the gun in right then, which is the point I'm getting at, that's different from actual possession where it would matter whether he put it in there. Irrespective of whether he put it in right then, he's touched the gun, he knows the gun, and the gun is in that purse where he can get it without unlocking anything. He can get the purse, gun, and the gun's loaded. Why doesn't that matter for constructive possession, the conceivable basis that you talked about? Well, first of all, just factually, it was not next to him. He was upstairs when the police entered. The gun was on the first floor in the purse. And the most important fact, again, is just that it's in her purse, which means she has put it in or it's been put in a place that is personal to her. Is it possible that Mr. Sanchez put it there? Yes. Do we know who put it there for sure? No. But the usual assumption would be that what's in a woman's purse is her property, not somebody else's. And it's not something that somebody else would be expected to have the ability to access to, to go in and look at, to control. And that's what we have to have. We need more than a possibility of guilt here. We need proof beyond a reasonable doubt. Thank you for clarifying. No, no, I'm very serious. What you viewed as being the most important fact, which is the purse and access to the purse. Give me your best case to say that there would be open object now, open object, open purse, something associated with a woman or anybody or in some way associated with somebody that would work for you in this case. Because frankly, it is not intuitive to me that just because it's her purse and if it's open, that somehow or other it is so associated with her that we would not presume he would have access to it. It doesn't naturally flow for me. So give me a case that tells me I'm wrong. I don't know that I have a case from this court that says that. Give me a case from any court. I don't know that I have a case that looks at a specific place that's unique to a person and says that precludes access or control by somebody else. This court did say in Bedford, in dicta, something actually contrary, which is if there was a computer bag near a bed, the bedroom was shared by a man and his girlfriend. And the gun was in an open computer bag. And that's what this court was considering, the access or control to that computer bag. The court in dicta on the issue of control and not access said we could, if it were the purse, of course, a jury might well be able to find that he had access or control of it. But that was not what was at issue in the case. And the fact of whose purse it is and the nature of a purse is what should drive this case. Like I said, I don't have a particular case. The only case that I can think of, I think it's Kelowna. I don't think it's Ledford, but I think it's Kelowna where the gun was in the husband's dresser, a nightstand. And that court looked to that to connect him to it. It doesn't mean that if it was in the wife's nightstand that it wouldn't. But that's what this court has looked for, some connection of the person to an area that he controls. And that's not this case. This case involves a place that his girlfriend controls. So we'd ask the court to vacate his conviction as based on insufficient evidence of a man with instructions to dismiss the indictment. And I'll reserve the rest of my time for rebuttal. Thank you. May it please the court. Counsel. James Braun on behalf of the United States. As we have argued in our brief, the evidence in this case supports a conviction under either theory of actual possession or constructive possession. Did the jury hear actual possession? They received no law on actual possession. Why is that even before, why would that even have been before the jury? So instruction number eight talks about actual or constructive possession.  It begins, its heading is actual. And then it goes on to talk about constructive possession. Right. It defines constructive possession by saying a person who, although not in actual possession, knowingly has the power. And my only guess is that the instruction assumes the jury knows what actual possession means. That if someone has something in their hand, they're in actual possession of it. And so that doesn't require an additional instruction defining what actual possession is. I think we have cases that talk about what actual possession is. So it's not necessarily intuitive what actual possession means. There certainly are cases that define what actual possession is. But I think most rational people would assume that if I'm holding this cup, I'm in actual possession of the cup. If I'm not, constructive possession, that might be a little harder to understand the nuances of. And, you know, obviously there's even more case law on constructive possession and little having to redefine it. So a jury might need a more specific instruction on that. But it was also argued during closing argument that even though this isn't a case of the defendant being in actual possession when the officers went into the house, he was in actual possession at some point or there was sufficient evidence that he was in actual possession at some point on the day charged. So it's your position that when we consider and decide this case that we need to do something with that? Well, we need to consider whether actual possession would be a viable theory. I mean, we don't have we could find possession on constructive grounds, but in other words, it's in play. Yes, we believe it's in play. But we also submit that the more straightforward path is the path followed by this court in Samora, and that's focusing on constructive possession because we believe that is the stronger theory and that there is sufficient evidence to support the defendant's conviction under that theory. And just to address Judge Holmes, your point about if there was evidence that the defendant had handled the gun two months before and then on the date charged had knowledge and access to the gun because it's in an open purse on a table, that would be sufficient. And Benford supports that proposition. Benford specifically states at page 1020 through 1021 that while evidence that the defendant actually handled the firearm outside the indictment period does not suffice to show actual possession, it may provide circumstantial evidence of the ability and intent to exercise control over the firearm necessary to establish constructive possession. Where do you get intent? The intent is also shown by his DNA evidence being on the firearm, that that shows that he has knowledge of it, access to it, and the intent to exercise dominion and control over it because he's done so in the past. And that's what makes this case similar to Samora is that in Samora, the court talked about the defendant being the primary DNA sample because that showed that he controlled the firearm, that he handled the firearm. And here, that evidence was established not by showing that he was the primary contributor of the DNA, but by actual testimony that where the DNA was found on the gun indicates handler DNA, that he had handled the gun. So we proved the same thing by two different means. But we did put on affirmative evidence that he had handled the gun. And so therefore, under Benford and under Samora, that DNA evidence is what provides the necessary nexus because when in a constructive possession case, when a defendant is in on premises that are jointly occupied, then the government has to show a nexus between the defendant and the firearm. And that's what we do through the DNA evidence. What is your view or take on the defendant's argument that the purse was uniquely associated with, I think it was the girlfriend, and consequently that cuts against the notion of constructive possession and access? Not only do I want your take, but if you have a case that supports your position on it, I'd appreciate knowing what that is. Yes, Your Honor. So two things. First is, it would be one thing if the purse was in his girlfriend's sock drawer, zipped up. That would be a place that is unique to her and would indicate that he didn't necessarily have access to it. Now, other evidence could show that he did, if he said something that indicated he did. But here, where it's on a kitchen table, unzipped, where you can see the gun in there, and we know there's been movement in the house, it's accessible to anyone in that apartment. And so he did have access to it. It's not like there was some force field around it saying, this is her purse, you can't touch it. And I think, I may mangle the exact language, but I think the defendant said that it would be presumed not to be a place that the defendant would have access. The purse, the open purse. What's your take on that, and do you think there's any legal foundation to that? In other words, it's on the table, we all acknowledge that. It's open, although the defendant would say not wide open, it's open. But it's presumed to be a place that the defendant would not have access because it's her purse. We don't believe there's any basis in the law for applying that kind of presumption. That would be a case-by-case factual determination for a jury to make. If there was evidence, again, that it was in her sock drawer, if there was evidence that it was in a safe where only she had the code, then the jury could make that determination. Or the court could say, as a matter of law, there's insufficient evidence to prove he had access to it, where it's indisputable he didn't have access to the safe, say. But that's not this case, and there's no basis for applying a presumption that just because it's her purse that he doesn't have access to it. He clearly did have physical access to it where it's on a table and it's unzipped. But we also believe that this is somewhat of a red herring because the evidence indicated that's not where it's normally stored. It's not like it was always in the purse and then there's a question of does he have access or not. The evidence supported the reasonable inference, just as the district court made in its order denying the motion for a judgment of acquittal, that it had just been placed there, that it was there haphazardly. And so that during the commotion, after the officers knock and announce, and you've got three minutes where there is movement downstairs, that somebody's putting that gun in that purse. So that's not where it normally is. It's somewhere else. And why would they put it in her purse? To distance it from him, which indicates that it was probably even more accessible to him before it was put into the purse. And the idea would have been put it in the purse and now we can say it's not my gun, it's not my purse. And that's exactly the red herring that the reasonable inference is that they intended. Counsel, let me ask you this question. Looking at the briefs and listening to both counsel today, it appears to me that the identical evidence was used by the government to prove both physical possession and constructive possession. Am I incorrect? I think that's correct. We can point to different pieces of evidence for each theory, but overall we do believe the evidence points to both. Well, in light of the questioning you've been asked today, do you back away from your physical possession position now because of the lack of being able to show a reasonable time? No, Your Honor, because we do believe that a reasonable inference from the evidence where you do have the movement in the apartment after the police knock and announce, that a reasonable inference is that he's the one who would have put the gun into the purse to distance himself from it because it's not a place where you would, a reasonable person would think that she would store it in that manner with the barrel visible. The inference was the barrel was out, not necessarily the barrel opening, but the barrel so that it was haphazard, not as if she had done it. And it's also without a concealed carry permit, not a place that you would imagine she would normally store it to carry around outside of the house. And so a reasonable inference is that he's the one who put it there to distance himself from it. That may not be the only inference, but it's a reasonable inference, and it's one that the district court drew in its order, again, denying the motion for a judgment of acquittal where it found both actual and constructive possession. And so where you have the DNA evidence, you have the movement in the apartment, you have the location of it being haphazardly placed into a purse, a small hand purse, that that does indicate that he's the one who put it there. And so he would have been necessarily in actual possession on the day. And then, of course, the fingerprint evidence or his statement about the fingerprint. And the point there is that most people would presume that DNA evidence is hardier than fingerprint evidence as far as being smudged. And that if you admit, as the defendant did, that his fingerprints might be on the gun, that that would indicate a more recent touching of the gun. Because if in the meantime his girlfriend's been handling it for weeks or months, the idea would be that his fingerprints would have been smudged off it or rubbed off it in the course of her handling it. If he thought his fingerprints were going to be on there, that would indicate a more recent possession, an actual possession. Well, Counsel, what would you say if he thought? In their briefing, you make a lot out of the fact that not only was there DNA evidence, but that he indicated to one of the officers or somebody that he had handled the gun, as I recall. I don't think it was that specific. I think the inference is that he had handled it because he said his DNA and his fingerprints might be on it. Well, that's my point. Okay, sir. I mean, but you're not relying on that evidence here and in front of us. We are. We certainly are relying on the fact that he admitted that his DNA and fingerprints might be on the gun because that shows his knowledge. It shows that he essentially admits that he had handled it, but not in so many words. But that is certainly the reasonable inference. And it also shows a recency because of his admission about that his fingerprints might be on it. Was there any evidence about recency of fingerprints and DNA and which one expires and which one doesn't? You said that a reasonable person could presume. I'm sorry. I think I'm reasonable. I wouldn't presume anything. I mean, I don't know, and I wouldn't make any assumptions about that. Why would anybody? And, no, there was no evidence about fingerprints versus DNA. This would just be from common knowledge that fingerprints smudge easily and that it's very common to have fingerprints that are unusable because they've been smudged. And so by him saying his fingerprints might be on it, a reasonable inference would be that that shows more recent handling. But, again, under Benford, even outside of the time frame of the charge, his DNA being on the firearm is circumstantial evidence that he had the ability to exercise dominion and control over that firearm. And then coupled with the facts on the date of his arrest, that indicates that on that day he had constructive possession of the firearm under Samora. And unless the court has any additional questions, that's all I have. Thank you. Thank you. Thank you. Round him up to 115, please.  First, on the case I mentioned in the initial argument, Ledford is referred to in Benford as the case where the gun was in the dresser of the husband, and that's at page 1015 of Benford. We here do not have any idea when his handling of it was. The talk has been whether it was two months, but it could have been eight months, two years. We just have no way of knowing on this record, and that's what we need. And usually what we look for in the constructive possession context is a connection between the defendant and the contraband or the place where the contraband is. And that's what's missing here. We have only something that is not specific as to time and that the minor profile aspect of his DNA suggests is not recent or predominant. You heard opposing counsel's reference to Benford, and that seemed reasonable to me that as it relates to constructive possession, we're not talking about whether he touched it in the moment. But in other words, it is probative that at some point he handled it, and then in that particular moment he had access to it in support of constructive possession, not actual possession. Absolutely, and the fact that he handled it at some point is circumstantial evidence of intent or access and the ability to control. But opposing counsel also said with what else there is here, and the point is that there is nothing else here. We have only something that is presumed that for all we know is very dated about his handling of it, and they can't support beyond a reasonable doubt his constructive possession at the time charged in the indictment, and that's what matters. Thank you. Thank you. Thank you for the argument.